**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6093**

LAWRENCE LEO HAWKINS, JR.,

                  Plaintiff - Appellant,

        v.

UNKNOWN,

                  Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief District Judge.  (2:13-cv-00027-RBS-DEM)

Submitted:  May 22, 2014                Decided:  May 29, 2014

Before TRAXLER, Chief Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

Remanded by unpublished per curiam opinion.

Lawrence Leo Hawkins, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Leo Hawkins, Jr., seeks to appeal the district court's order dismissing his action for failure to comply with its order to particularize his claims. We remand for consideration of whether reopening of the appeal period is merited.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). When the United States or its officer or agency is a party, and unless the district court extends or reopens the appeal period, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order. Fed. R. App. P. 4(a)(1)(B). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on July 31, 2013. Hawkins filed his notice of appeal on December 10, 2013.[1] Regardless of which appellate period applies

_____

[1] Houston v. Lack, 487 U.S. 266, 270 (1988).

2

to this appeal,[2] Hawkins' notice of appeal is clearly untimely. However, under Fed. R. App. P. 4(a)(6), the district court may reopen the time to file an appeal if: (1) the moving party did not receive notice of entry of judgment within twenty-one days after entry; (2) the motion is filed within 180 days of entry of judgment or within fourteen days of receiving notice from the court, whichever is earlier; and (3) no party would be prejudiced.

In his notice of appeal, Hawkins stated that he did not receive notice of the district court's order dismissing his action, and he suggests he has had difficulty receiving his mail while incarcerated. Moreover, the district court's docket indicates that the district court's dismissal order was returned to the district court as undeliverable. Accordingly, we remand for the limited purpose of permitting the district court to determine whether Hawkins' notice of appeal should be construed as a motion to reopen the appeal period, and if so, whether reopening is merited. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[2] It is unclear whether the United States or its officer or agency is a party to Hawkins' action.